'74 COURT OF COMMON PLEAS.

Mierson v. The Mayor, Aldermen and Commonalty of the City of New York.

FEODORE MIERSON *against* THE MAYOR, ALDERMEN AND
COMMONALTY OF THE CITY OF NEW YORK.

(Decided April 5th, 1875.)

'The plaintiff, being publisher of a newspaper printed in the German language,
under directions from the proper officers of the defendant (the Corporation of
New York city), but without any contract as to the price to be paid therefor,
published in his newspaper certain advertisements, the matter for which was
sent to him by the defendant's officers, in slips printed in the English language,
and in type of a larger size than that ordinarily used in the plaintiff's paper.
The plaintiff, in endeavoring to imitate, in German text, the size of the English
type in which the slips were printed, caused the advertisements to occupy a
larger space in his newspaper than they would have occupied if printed in the
ordinary type used in the newspaper.

*Held*, That the plaintiff was entitled to be paid, not for the space that the adver-
tisements actually occupied in his paper, but only for the space that they would
have occupied if they had been printed in the ordinary type of the paper.

*Held*, also, that the plaintiff was entitled to be paid for the space that would have
been so occupied at the rates ordinarily charged by him for advertising space
in his paper.

Where, on appeal from a judgment, the appellant's counsel in his points takes no
notice of the exceptions taken on the trial, the court may refuse to consider
them.

APPEAL by defendant from a judgment of this court for
$11,876 64, entered on the report of Stephen H. Olin, Esq.,
as referee.

The action was brought to recover against the defendant for
advertising done for it by the plaintiff, by direction of the de-
fendant's officers. The main question litigated was the value of
the advertising done, the facts in regard to which are stated in
the opinion.

*James W. Husted*, for appellant.

*Benjamin F. Russell*, for respondent.

JOSEPH F. DALY, J.—There was no agreement between the
plaintiff and the city as to the terms of publication of the cor-
poration advertisements in his paper, and the plaintiff is entitled
to the usual rates charged and received by him for the ordinary

advertisements he inserts. There is not, and from the nature of things cannot be, any market or standard value of advertising, by which any other rate can be fixed in the absence of a special agreement. The value of the publication differs in every newspaper according to its circulation generally, its circulation among particular classes, and the place occupied by the advertisement in the paper. When advertisers send their advertisements, without previous acquaintance with and reliance upon certain rates, or previous agreement as to price, they can only require that the charge shall not exceed the established rates of the paper. Such rate in the case of the plaintiff's "Wochenblatt des New Yorker Journal," in which the corporation advertisements were inserted, was thirty cents per line agate measurement; *i. e.*, the space occupied by the advertisement was measured by a standard rule, by which it was ascertained what number of lines in agate type would fit in such space, and charge was made at the rate of thirty cents for each of such lines. This was the established price for all advertisements in that paper. It was, moreover, not an arbitrary rule in the office of plaintiff, but agate type is the ordinary and regular type mostly used for advertising, the witness Dunlop testifying that the Herald, World, and all the other papers use it, in his opinion, and newspapers have a standard measurement, uniform, applicable to all advertisements, to get at the space occupied by the advertisement, and charge for that, and the measurement is the line of agate. And the evidence is that this rate of charge is fair.

The referee was justified in finding thirty cents per line of agate to be a proper charge, and in confining the recovery to such space as the advertisements in question would have occupied in the ordinary type of the paper, although plaintiff, without instructions, published them in much larger type, in attempting to imitate in German type the size of the English type in the copy or printed slips sent him. Without special agreement, it is to be assumed that the advertiser intends the publication to be in the ordinary type of the paper, since he is to be held, in the absence of special agreement, to the ordinary charge.

The assumed audit by the finance department of the plaint-

iff's bills for advertising is not a bar to recovery beyond the amount thus said to be allowed. By arbitrarily cutting down plaintiff's bills to a sum which the department is willing to pay, it being the act of the agent of the corporation, plaintiff is not to be concluded. The decision of the auditor has not the effect of a judgment, nor of an award upon arbitration ; to hold otherwise would be to constitute the city's agents the judges between the city and its creditors, which the charter never intended.

Nor did the mandamus proceedings alluded to in the case bar this action. The defendant tendered the warrants drawn for part of the claim as payment in full. They were refused as such, and plaintiff obtained a mandamus for their delivery " on account ; " as far as I can gather from the case, the papers not being inserted in it.

The brief and points submitted with the case, on behalf of the city, take no notice of the several exceptions to the rulings of the referee, and they are not therefore considered upon this appeal.

The judgment should be affirmed with costs.

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.